UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| **JOANNE L. DELANCEY,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No.<br>)<br>) |
| **TENAGLIA & HUNT, P.A.**<br>SERVE:  Corporation Service Company, Reg. Agent<br>          100 Shockoe Slip<br>          2nd Floor<br>          Richmond, VA 23219 | )<br>)<br>)<br>)<br>)<br>) |
| and | )<br>) |
| **BANK OF AMERICA, N.A.**<br>SERVE:  CT Corporation System, Reg. Agent<br>          4701 Cox Rd., Ste. 285<br>          Glen Allen, VA 23060 | )<br>)<br>)<br>)<br>) |
| **Defendants.** | )<br>)<br>) |

## COMPLAINT

COMES NOW the Plaintiff, JOANNE L. DELANCEY ("Plaintiff" or "Ms. DeLancey"), by counsel, for her Complaint against Defendants, TENAGLIA & HUNT, P.A. ("Tenaglia & Hunt") and BANK OF AMERICA, N.A. ("Bank of America") (collectively, "Defendants"), and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs and attorney's fees brought to assert Plaintiff's civil rights pursuant to the Fair Credit Reporting Act, 15 U.S.C.

1

§§ 1681–1681x ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA").

2. The Fair Credit Reporting Act and the Fair Debt Collection Practices Act provide federally codified protections of Plaintiff's civil rights with regard to Plaintiff's privacy, Plaintiff's reputation, and Plaintiff's due process rights against defamation and wrongful debt collection. The FCRA and FDCPA are part of a larger category of consumer protection statutes designed to arm consumers against discrimination, intrusions upon privacy, and other types of unfair and inequitable treatment. Similar statutes falling under this same umbrella of protection include, for example, the Equal Credit Opportunity Act, the Fair Housing Act, and the Truth in Lending Act.

3. Claims under these federal protections are brought "in connection with any action involving a claim of 'unlawful discrimination'", as described in 26 U.S.C § 62(a)(20). For the purposes of 26 U.S.C § 62(a)(20), the term "unlawful discrimination" is broadly defined in 26 U.S.C § 62(e) to mean "an act that is unlawful under . . .[a]ny provision of Federal, State, or local law, or common law claims permitted under Federal, State, or local law . . . providing for the enforcement of civil rights".

4. In this case, Defendant Tenaglia & Hunt repeatedly pursued Plaintiff for a debt with Bank of America which she did not owe, in violation of the FDCPA. Tenaglia & Hunt's illegal collection activity culminated in Tenaglia & Hunt suing Plaintiff over the debt in a Virginia Circuit Court.

5. Further, Defendants violated Plaintiff's rights under the FCRA by unlawfully obtaining copies of Plaintiff's credit report(s) without her written authorization or a statutorily-permissible purpose, which is prohibited under 15 U.SC. § 1681b(f).

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 168l(p), and 15 U.S.C. § 1692k(d).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in this District and Division and is also a consumer as defined by 15 U.S.C. § 1681a(c).

7. Tenaglia & Hunt is a professional association headquartered in Rochelle Park, New Jersey. Tenaglia & Hunt does business in the Commonwealth of Virginia through its registered agent in Richmond, Virginia.

8. Tenaglia & Hunt is a "debt collector" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6). Specifically, Tenaglia & Hunt uses instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of debts. Tenaglia & Hunt regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. No exception to the term "debt collector" applies to exempt Tenaglia & Hunt from regulation under the FDCPA.

9. Defendant Bank of America is a bank chartered under the National Bank Act, 12 U.S.C. § 38 *et seq.* and headquartered in Charlotte, North Carolina. Bank of America does business in the Commonwealth of Virginia through its registered agent in Glen Allen, Virginia.

10. Bank of America is a "furnisher" of information governed by 15 U.S.C. § 1681s-2.

*Tenaglia & Hunt Aggressively Pursues Plaintiff for a Bank of America Debt Owed by Someone Else*

11. Plaintiff is the victim of unfair, abusive, and misleading debt collection practices.

12. In February or March of 2022, Tenaglia & Hunt addressed a dunning letter dated February 28, 2022 (the "First Dunning Letter") to an individual named "Joanne K De Lancey" and mailed it to Plaintiff's address.

13. Plaintiff's name is Joanne L. DeLancey.

14. Plaintiff has never gone by the name "Joanne K. De Lancey" (or the name "Joanne K. DeLancey").

15. In the Dunning Letter, Tenaglia & Hunt asserted that Plaintiff owed $27,427.80 for a debt with Bank of America.

16. On Friday, March 25, 2022, at or around 1:13 p.m., Plaintiff wrote to Tenaglia & Hunt through the "Contact Us" portal on their website[1] and notified Tenaglia & Hunt that she did not owe a debt to Bank of America, and they were collecting from the wrong person.

17. On or around March 29, 2022, Tenaglia & Hunt mailed a letter to Plaintiff which it addressed to "Joanne K De Lancey" (the "Second Dunning Letter").

18. With the Second Dunning Letter, Tenaglia and Hunt provided a copy of a monthly statement for the Bank of America debt. The Bank of America statement was addressed to "JOANNE K DE LANCEY" in Phoenix, Arizona. The Bank of America statement was also addressed to "MARK G. DELANCEY."

19. Plaintiff has never lived in Arizona or received mail in Arizona.

20. Plaintiff does not know anyone named Mark G. DeLancey.

---

[1] https://www.tenagliahunt.com/contact-us (last accessed on April 24, 2024).

21. On April 25, 2022, at or around 4:00 p.m., Plaintiff called Tenaglia & Hunt's office and left a message in which she again informed them that they were attempting to collect the Bank of America Debt from the wrong person.

22. On or around Wednesday, May 24, 2023, Tenaglia & Hunt sued Plaintiff for the Bank of America debt in the Southampton Circuit Court, Civil Division.

23. Plaintiff suffered extreme distress in response to Defendants pursuing her over a $27,427.80 credit card bill, for charges that she did not incur. In particular, Plaintiff was distraught over being forced to defend herself in court for a debt that she had already explained (multiple times) did not belong to her.

### *Defendants Repeatedly Obtained and Used Plaintiff's Consumer Report(s) Without a Permissible Purpose*

24. "Congress passed the Fair Credit Reporting Act (FCRA) in response to concerns about data brokers assembling detailed dossiers about consumers and selling this information to those making employment, credit, and other decisions. People often have little choice about whether to enter into business relationships with these companies or whether they will be tracked, yet the data these companies collect may nevertheless play a decisive role in significant life decisions, like buying a home or finding a job. The FCRA provides a range of protections, including accuracy standards, dispute rights, and restrictions on how data can be used. The law covers data brokers like credit reporting companies and background screening firms, as well as those who report information to these firms." *CFPB launches inquiry into the business practices of Data Broker*s (2023) Consumer Financial Protection Bureau. Available at: https://www.consumerfinance.gov/about-us/newsroom/cfpb-launches-inquiry-into-the-business-practices-of-data-brokers/ (Accessed: 09 May 2023).

25. "Congress enacted FCRA in 1970 out of concerns about abuses in the consumer reporting industry. *See* S. Rep. No. 91–517, at 3 (1969); 116 Cong. Rec. 35941 (1970) (statement of Sen. Proxmire); *id.* at 36570 (statement of Rep. Sullivan)." *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 414–15 (4th Cir. 2001).

26. As the FCRA sets forth, a consumer report is:

> Any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d).

27. Accessing consumer reports is presumptively illegal. To overcome this presumption, a party seeking to access consumer reports must have a permissible purpose for doing so and must certify to the agency from which it seeks reports the FCRA purpose for which it will use the reports and that it will use the reports for no other purpose. 15 U.S.C. § 1681b(f).

28. One such permissible purpose that arises in the credit realm is for reports to issue "[t]o a person which [the reporting agency] has reason to believe—A intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." 15 U.S.C. § 1681b(a)(3)(A).

29. Likewise, Courts have long held that reports issued to a user involving an extension of credit or for credit collection purposes fall within the coverage of § 1681b(a)(3)(A). *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) ("the statute expressly permits distribution of a consumer report to an entity that 'intends to use the information in connection with a credit

transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer.'"); *Korotki v. Thomas, Ronald & Cooper, P.A.*, 131 F.3d 135 (4th Cir. 1997) (Defendant "was seeking to collect an account owed by the consumer, § 1681(b)(3)(A), likewise a permissible purpose"); *Cooper v. Pressler & Pressler, LLP*, 912 F. Supp. 2d 178, 188 (D.N.J. 2012) ("Capital One could rightfully obtain a copy of Plaintiff's consumer report from a CRA in order to review, or collect upon, Plaintiff's MasterCard credit card account.").

30. Bank of America has not extended any offer of credit to Plaintiff from June 4, 2021 through the present.

31. Apart from those listed in 15 U.S.C. § 1681b(a)(3)(A), no other permissible purpose could conceivably allow Defendants to access Plaintiff's consumer report(s).

32. At no point was it permissible (or legal) for Defendants to access Plaintiff's credit files in order to attempt to collect the Bank of America account from Plaintiff.

33. Upon information and belief, Defendants unlawfully accessed Plaintiff's credit information.

34. When Defendants unlawfully accessed Plaintiff's credit information, they caused Joanne K. DeLancey's information to be mixed with Plaintiff's.

35. Due to Defendants' violations of 15 U.S.C. § 1681b, Plaintiff is now receiving mail that is addressed to Joanne K. DeLancey, at Plaintiff's home, from *third parties*.

36. For example, in January or February of 2024, Plaintiff began receiving solicitations from Credit One Bank, N.A. which were sent to Plaintiff's home but addressed to "Joanne K. DeLancey".

37. Further, on March 8, 2024, Plaintiff received a letter from Bank of America, dated February 29, 2024, regarding the death and "estate" of the presumed co-obligor on the Bank of America account, Mark G. DeLancey.

38. Defendants used information from one or more illegally obtained consumer report(s) regarding Plaintiff to further their illegal collection activity. Those illegal collection attempts caused Plaintiff's information to be mixed with Bank of America account holder Joanne K. DeLancey's information—a problem which serves as another stressful reminder of this ordeal.

*Plaintiff Suffered (and Continues to Suffer) Actual Harm*

39. Tenaglia & Hunt sued Plaintiff in an illegal attempt to coerce Plaintiff into paying a debt that she does not owe.

40. Through their collection attempts, Tenaglia & Hunt and Bank of America accessed Plaintiff's credit, causing her information to become mixed with that of the true account holder, Joanne K. DeLancey.

41. As a result of Defendants' illegal collection activity and their illegal use of Plaintiff's consumer report(s), Plaintiff has suffered damages, including, but not limited to:

    a. Stress associated with being sued and otherwise harassed for a debt she did not owe;

    b. Loss of time attempting to defend her good name and credit;

    c. Mental anguish, stress, aggravation, and other related impairments to the enjoyment of life;

    d. Stress associated with attempting to resolve this matter;

    e. Loss of privacy and harm to her reputation.

42. Specifically, Plaintiff's physical manifestations of her non-economic damages have included (but are not limited to): heightened anxiety, a need for increased anxiety medication, crying spells, depression, loss of sleep, high blood pressure, intense frustration, feelings of helplessness, and nightmares.

**COUNT I:**
**VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692e -** *against Tenaglia & Hunt*

43. Plaintiff realleges and incorporates all other factual allegations set forth in this complaint.

44. Tenaglia & Hunt violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10), by using false, deceptive, or misleading representations or means in connection with the collection of the Bank of America debt.

45. Tenaglia & Hunt used false representations and means to attempt to collect a debt each time that it falsely communicated to Plaintiff that she owed a debt to Bank of America.

46. In addition, Tenaglia & Hunt used false representations and means to attempt to collect a debt when it sued Plaintiff in a Virginia Circuit Court for a debt that Plaintiff did not owe.

47. Prior to suing Plaintiff, Tenaglia & Hunt knew or had reason to believe that Plaintiff did not owe the debt to Bank of America.

48. Tenaglia & Hunt has repeatedly violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e & e(10).

49. As a result of this conduct (the actions and inaction of Tenaglia & Hunt), Plaintiff suffered actual damages, including but not limited to: heightened anxiety, a need for increased anxiety medication, crying spells, depression, loss of sleep, high blood pressure, intense

frustration, feelings of helplessness, nightmares, loss of privacy, harm to her reputation, and lost time attempting to resolve the situation.

50. Plaintiff is entitled to actual and statutory damages against Tenaglia & Hunt, as well as reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

**COUNT II:**
**VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692f -** *against Tenaglia & Hunt*

51. Plaintiff realleges and incorporates all other factual allegations set forth in this complaint.

52. Tenaglia & Hunt repeatedly violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692f, by using unfair and unconscionable means to collect or attempt to collect a debt.

53. It was unfair and unconscionable for Tenaglia & Hunt to sue Plaintiff for a debt when it had knowledge (actual or constructive) that Plaintiff did not owe that debt.

54. It was unfair and unconscionable for Tenaglia & Hunt to continue to pursue Plaintiff for the Bank of America debt after Plaintiff alerted them to the fact that the debt is not hers.

55. As a result of this conduct (the action and inaction of Tenaglia & Hunt), Plaintiff suffered actual damages, including but not limited to: heightened anxiety, a need for increased anxiety medication, crying spells, depression, loss of sleep, high blood pressure, intense frustration, feelings of helplessness, nightmares, loss of privacy, harm to her reputation, and lost time attempting to resolve the situation.

56. Plaintiff is entitled to actual and statutory damages against Tenaglia & Hunt, as well as reasonable attorney's fees and costs, pursuant to 15 U.S.C. 1692k.

## COUNT III:
## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692d - *against Tenaglia & Hunt*

57. Plaintiff realleges and incorporates all other factual allegations set forth in this complaint.

58. Tenaglia & Hunt violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

59. Tenaglia & Hunt sued Plaintiff in a Virginia Circuit Court, for a debt which Plaintiff does not owe, after Plaintiff repeatedly informed Tenaglia & Hunt that it was collecting from the wrong person.

60. The natural consequence of Tenaglia & Hunt's action—suing Plaintiff over someone else's debt—was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

61. As a result of this conduct (the action and inaction of Tenaglia & Hunt), Plaintiff suffered actual damages, including but not limited to: heightened anxiety, a need for increased anxiety medication, crying spells, depression, loss of sleep, high blood pressure, intense frustration, feelings of helplessness, nightmares, loss of privacy, harm to her reputation, and lost time attempting to resolve the situation.

62. Plaintiff is entitled to actual and statutory damages against Tenaglia & Hunt, as well as reasonable attorney's fees and costs, pursuant to 15 U.S.C. 1692k.

## COUNT IV:
## VIOLATIONS OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681b(f) –*against both Defendants*

63. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

64. Defendants repeatedly violated 15 U.S.C. § 1681(b)(f) by unlawfully obtaining the Plaintiff's consumer reports without her written authorization or a permissible purpose.

65. Defendants also violated 15 U.S.C. § 1681b(f) by failing to accurately and lawfully certify a permissible purpose when accessing Plaintiff's consumer report(s).

66. Plaintiff's consumer report(s) contained a wealth of private information which Defendants had no right to access absent a specific Congressional license to do so.

67. As a result of Defendants' conduct, action, and inaction, Plaintiff suffered actual damages, including but not limited to: invasion of her statutory right to confidentiality of Plaintiff's personal information, heightened anxiety, a need for increased anxiety medication, crying spells, depression, loss of sleep, high blood pressure, intense frustration, feelings of helplessness, nightmares, loss of privacy, harm to her reputation, and lost time attempting to resolve the situation.

68. The violations by Defendants were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, entitling the Plaintiff to recovery under 15 U.S.C. §1681o.

69. Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment and actual, statutory, and punitive damages against Defendants; for her attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, specific performance and injunctive relief, and such other relief the Court does deem just and proper.

TRIAL BY JURY IS DEMANDED

                                          Respectfully submitted,

                                          **JOANNE L. DELANCEY**

By:   /s/ Drew D. Sarrett
        Drew D. Sarrett, VSB #81658
        Consumer Litigation Associates, P.C.
        626 E. Broad Street, Suite 300
        Richmond, VA 23219
        (804) 528-5758 - Telephone
        (757) 930-3662 - Facsimile
        Email: drew@clalegal.com

        Leonard A. Bennett, VSB #37523
        Craig C. Marchiando, VSB #89736
        Consumer Litigation Associates, P.C.
        763 J. Clyde Morris Blvd., Ste. 1-A
        Newport News, Virginia 23601
        (757) 930-3660 - Telephone
        (757) 930-3662 - Facsimile
        Email: lenbennett@clalegal.com
        Email: craig@clalegal.com
        *Counsel for Plaintiff*